**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**CENTRAL DIVISION**

FILED
APR 2 3 2008

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 07-30102(01) |
| Plaintiff, | |
| -vs- | ADDENDUM TO AMENDED REPORT AND RECOMMENDATION |
| CLAYTON HIGH WOLF, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Following this Court's Report and Recommendation and Amendment thereto, Docket Nos. 100, 102, the United States Supreme Court decided the case of Virgina v. Moore, No. 06-1082, slip. op. (U.S. Apr. 23, 2008). While admittedly not on all fours with the instant case, Moore nonetheless supports the Court's reasoning and ultimate recommendation.

In Moore, the Supreme Court held that police did not violate the Fourth Amendment when they made an arrest that was based on probable cause, but prohibited by state law. Slip. op. at 3-13. In doing so, the Court made these observations:

1. "Incorporating state-law arrest limitations into the Constitution would produce a constitutional regime no less vague and unpredictable than the one we rejected in Atwater [v. City of Lago Vista, 532 U.S. 318 (2001)]. The constitutional standard would be only as easy to apply as the underlying state law, and state law can be complicated indeed. The Virginia statute in this case, for example, calls on law enforcement officers to weigh just the sort of case-specific factors that Atwater said would deter legitimate arrests if made part of the constitutional inquiry." Slip op. at 10.

2. "[L]inking Fourth Amendment protections to state law would cause them to 'vary from place to place and from time to time', Whren [v. United States, 517 U.S. 806, 815 (1996)]." Slip op. at 11.

    3.    The Virginia Supreme Court may have concluded that <u>Knowles [v. Iowa</u>, 525 U.S. 113 (1998)] required the exclusion of evidence seized from Moore because, under state law, the officers who arrested Moore should have issued him a citation instead. This argument might have force if the Constitution forbade Moore's arrest, because we have sometimes excluded evidence obtained through unconstitutional methods in order to deter constitutional violations. See <u>Wong Sun v. United States</u>, 371 U.S. 471, 484-485, 488 (1963). But the arrest rules that the officers violated were those of state law alone, and as we have just concluded, it is not the province of the Fourth Amendment to enforce state law. That Amendment does not require the exclusion of evidence obtained from a constitutionally permissible arrest." Slip op. at 13.

These observations apply with equal force to the case at hand even though the rules that were supposedly violated were those of the Rosebud Sioux Tribe. As <u>Moore</u> suggests, the Fourth Amendment was not intended to enforce tribal law and that amendment does not require the suppression of evidence obtained from an arrest that pass constitutional muster.

For these reasons, and those recited at length in the Court's earlier Report, Defendant's Motion to Suppress, Docket No. 74, must be denied.

Dated this 23rd day of April, 2008, at Pierre, South Dakota.

**BY THE COURT:**

_/s/ Mark A. Moreno_
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: _/s/_
    Deputy
(SEAL)